Douglas A. Crowder (SB# 140130)
Crowder Law Center, P.C.
350 S. Figueroa Street, Suite 190
Los Angeles, CA 90071
Tel. 213-325-3040
Fax 877-772-7094

Attorney for Debtor,
BARAKA HOLDINGS, LLC

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| BARAKA HOLDINGS, LLC, | Case No.  2:19-bk-11612-RK |
| Debtor. | |
| | MOTION TO VACATE Order Granting Motion for Relief from the Automatic Stay REAL PROPERTY, OR IN THE ALTERNATIVE, TO ISSUE A TEMPORARY RESTRAINING ORDER STAYING THE SALE UNTIL THIS MATTER CAN BE HEARD |
| | (Hearing to be set) |
| _____ / | |

   PLEASE TAKE NOTICE that Debtor, BARAKA HOLDINGS, LLC, hereby moves to vacate the Order Granting Motion for Relief from the Automatic Stay REAL PROPERTY, entered on 04/17/2019 as Docket # 26.

   The grounds for this motion are:

   1. Debtor's former attorney did not advise Debtor of the possibility of a Chapter 11 filing rather than a Chapter 7 filing, in order to prevent a foreclosure sale.
   2. Debtor's former attorney did not oppose the Motion for Relief from Stay, although there were grounds to do so.

- 1 -

MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY

3. Debtor is informed and believes that there is at least $1,000,000 equity in the property located at 2075 Lombardy Rd., San Marino, CA 91108. Debtor believes that the amounts claimed owing by the Secured Creditor are way overstated, and do not take into account all payments made by Debtor. Debtor requests the opportunity to bring an adversary proceeding against Secured Creditor Arixa Fund III, LP, to determine the correct amount owing.

4. Debtor also requests the opportunity to convert this case to a Chapter 11 proceeding. This motion is based on the Memorandum of Points and Authorities and the Declaration of Karim [Kevin] Boumajdi, both attached hereto.

Dated: 5/3/2019.

/s/ Douglas A. Crowder
Douglas A. Crowder
Attorney for Debtor

- 2 -

MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Debtor is informed that a foreclosure sale of the property is scheduled for Monday, 05/06/2019. Therefore, to have any chance of saving the equity in the property, which Debtor estimates to be at least $1,000,000, this honorable court must schedule a hearing on this matter no later than Friday, 05/03/2019, or in the alternative, issue a temporary restraining order on the foreclosure sale until this matter can be heard.

## 2. FACTS

Karim [Kevin] Boumajdi, the General Manager of Debtor, BARAKA HOLDINGS, LLC, lost his mother in Morocco on December 19, 2018. He remained in Morocco for the following 40 days of mourning, and returned stateside in the first week of February of 2019.

At about 4:30pm on the afternoon of February 14, 2019, he received a call from a representative of the mortgagor, Arixa, (Secured Creditor Arixa Fund III, LP) who informed him that he should come in to the office immediately and simply turn over the deed. In the alternative, he informed Boumajdi, the property would be sold in foreclosure the following day, Friday, February 15, 2019.

Boumajdi believes that the property located at 2075 Lombardy Rd., San Marino, CA 91108, has equity of at least $1,000,000, and he wanted to save that equity if possible.

When Boumajdi met with Debtor's former attorney, Mr. McGuire, he was advised by him that really the only option was a Chapter 7, and that a trustee of the bankruptcy court would sell the real estate, pay the creditors and return any remaining equity to Debtor. Debtor was never advised regarding any other form or chapter of bankruptcy relief available, such as a Chapter 11, which might allow Debtor to pay the secured creditors over a period of time, or at least to conduct a sale of the property on my terms under which Debtor would not lose all the equity to the secured creditors.

Mr. McGuire informed Debtor that Arixa had filed for relief from the automatic stay and that the Trustee had opposed the motion. Debtor was also advised that the court had

scheduled an evidentiary hearing on the Motion for Relief From Stay for May 16, 2019 at 10:00 a.m. Boumajdi assumed that the matter would be decided by the judge at that time, and I was deeply involved in preparing for that hearing

Boumajdi was never advised until April 24, 2019 the Order Granting Relief from the Automatic Stay had issued.

Not only was the Order itself a complete surprise, Boumajdi had no prior knowledge of the Stipulation Between Creditor Arixa and the Chapter 7 Trustee nor did Boumajdi have any knowledge of the fact Mr. McGuire had failed to oppose the motion.

Debtor believes the property is worth at least $7,427,400.00 and possibly more after the improvements Debtor made in 2018 of $300,000.00. This is based on an appraisal Debtor obtained in 2017.

Debtor recently received a statement from Arixa for the first mortgage dated April 30, 2019. The full balance due and payable according to that statement is currently $5,208,125.05. [See, Arixa Capital Corporation Statement dated April 30, 2019, a true and correct copy of which is attached to Debtor's Declarartion as Exhibit A.]

Debtor does not understand how Crosswind [apparently now Arixa] came up with $5,397,655.00 for a balance due as of March 1, 2019. [See, Notice of Motion and Motion for Relief from the Automatic Stay, page 8.]

To the best of Debtor's knowledge, the principal balance due on the second mortgage should be about $700,000.00. Interest on this amount is 15%. The last statement of which debtor is aware on this account is dated February 28, 2019 and shows a balance due at that time of $1,442,214.71.

Debtor does not believe that the balance described in the statement of February 28, 2019 could be even close to correct.

Moreover, Debtor does not understand how the stated amount due could have suddenly come to $1,717,231.00 on March 1, 2019 when Axis filed its motion. The difference is over $275,000.00. [See, Notice of Motion and Motion for Relief from the Automatic Stay, page 8.]

See additional calculations in attached declaration.

- 4 -

MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY

3. <u>ARGUMENT</u>

   a) <u>THE COURT HAS THE AUTHORITY TO VACATE THE ORDER GRANTING RELIEF FROM STAY BASED ON MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT.</u>

Debtor did not oppose the Motion for Relief From Stay, although there were ample grounds to do so.

FRBP Rule 9024 provides that Rule 60 F.R.Civ.P. applies in cases under the Code, with exceptions not applicable here.

FRCP Rule 60(b) provides that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect or (6) any other reason that justifies relief.

Such a motion must be brought no more than a year after entry of the order. Here, the motion is brought less than a month after entry of the order.

   b) <u>DEBTOR SHOULD BE ALLOWED THE OPPORTUNITY TO CONVERT THIS CASE TO A CHAPTER 11, UNDER WHICH THE SECURED CREDITORS COULD BE PAID IN FULL, AND THERE COULD BE SOME DISTRIBUTION TO THE UNSECURED CREDITORS</u>.

11 U.S. Code § 706(a) provides that a Chapter 7 debtor may convert a case under this chapter to a case under chapter 11 at any time, if the case has not been converted under section 1112.

4. <u>CONCLUSION</u>.

For the foregoing reasons, Debtor respectfully requests that the Court vacate the Order Granting Relief from Stay.

Dated: 5/3/2019.

                                 /s/ Douglas A. Crowder
                                 Douglas A. Crowder
                                 Attorney for Debtor

MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY

# DECLARATION OF KARIM [KEVIN] BOUMAJDI

I, KARIM [Kevin] BOUMAJDI, do hereby declare as follows:

1. I am the managing partner of the debtor, BARAKA HOLDINGS, LLC, a Delaware Limited Liability Company authorized to do business in the State of California. Accordingly, I have first-hand knowledge of the facts as these are stated herein. If called on to testify to the truth and veracity of these facts, I would and could do so competently and to the best of my knowledge and belief.

2. I respectfully request that the Order Granting Relief from Stay be vacated, or at the very least, the court issue a temporary restraining order postponing the foreclosure sale on Debtor's property until after this motion can be heard.

3. I believe Debtor did not receive proper legal advice from its former attorney.

4. After having lost my mother in Morocco on December 19, 2018, I remained in Morocco for the following 40 days of mourning. I returned stateside in the first week of February of 2019.

5. At about 4:30pm on the afternoon of February 14, 2019, I received a call from a representative of the mortgagor, Arixa, who informed me I should come in to the office immediately and simply turn over the deed. In the alternative, he informed me, the property would be sold in foreclosure the following day, Friday, February 15, 2019.

6. I believe that the property located at 2075 Lombardy Rd., San Marino, CA 91108, has equity of at least $1,000,000, and I wanted to save that equity if possible.

7. Instead of turning the deed over, I contacted Mr. McGuire who I had never met prior but who agreed that, in the event I was able to drive to Simi Valley immediately, he could file a bankruptcy for me that same night. I did so.

8. On meeting with Mr. McGuire, I informed him that my purpose in filing a bankruptcy would be to save the property from foreclosure, or at least save my equity. I was advised by him that really my only option was a Chapter 7, and that a trustee of the bankruptcy court would sell the real estate for me, pay my creditors and return any

- 1 -

remaining equity to me. I was also advised I would be allowed to remain on the property until the sale was completed.

9. I was never advised regarding any other form or chapter of bankruptcy relief available to me, such as a Chapter 11, which might allow me to pay the secured creditors over a period of time, or at least to conduct a sale of the property on my terms under which I would not lose all the equity to the secured creditors.

10. I paid Mr. McGuire. The petition was filed in full at about 8:30 that same night.

11. Although Mr. McGuire informed me of Arixa had filed for relief from the automatic stay and that the Trustee had opposed the motion. I was also advised that the court had scheduled an evidentiary hearing on the Motion for Relief From Stay for May 16, 2019 at 10:00 a.m. I assumed that the matter would be decided by the judge at that time, and I was deeply involved in preparing for that hearing

12. I was never advised until April 24, 2019 the Order Granting Relief from the Automatic Stay had issued.

13. Not only was the Order itself a complete surprise, I had no prior knowledge of the Stipulation Between Creditor Arixa and the Chapter 7 Trustee nor did I have any knowledge of the fact Mr. McGuire had failed to oppose the motion.

14. When I asked, Mr. McGuire informed me he'd simply chosen to go with what the Trustee was doing.

15. I absolutely do not agree that the stay should be lifted for any reason or purpose and believe the misstatements of Arixa regarding the extent of its lien should be carefully evaluated by the Court.

16. At the time, I was deeply involved in preparing for the hearing which was set for May 16, 2019.

17. In my opinion the property is worth at least $7,427,400.00 and possibly more after the improvements I made in 2018 for which I paid nearly $300,000.00. This is based on an appraisal I obtained in 2017. See attached hereto as Exhibit B an Appraisal dated 6/15/17, indicating the property is worth $7,600,000.

- 2 -

DECLARATION OF KARIM [KEVIN] BOUMAJDI

18. I recently received a statement from Arixa for the first mortgage dated April 30, 2019. The full balance due and payable according to that statement is currently $5,208,125.05.1 I have no idea why this statement is coming from Arixa. Normally, statements on the first mortgage are generated by Crosswind Venture Fund, LLP. [See, Arixa Capital Corporation Statement dated April 30, 2019, a true and correct copy of which is attached hereto as Exhibit A.] At 9.5% Interest rate, even if I did not pay interest on this loan for 2 full years, the compounded interest amount would be $970,246.87 which would make the total due amount including interest and principal $5,845,246.88. I paid a Total of $887,656.25 in interest on the Crosswind $4,875,000.00 Loan in 2017 and 2018 so the balance should be $4,957,590.63. See attached as Exhibits C and D, the 1099 statements from Crosswinds for 2017 and 2018.

19. I have no idea how Crosswind [apparently now Arixa] came up with $5,397,655.00 for a balance due as of March 1, 2019. [See, Notice of Motion and Motion for Relief from the Automatic Stay, page 8.]

20. To the best of my knowledge, the principal balance due on the second mortgage is about $700,000.00. Interest on this amount is 15%. The last statement of which I'm aware on this account is dated February 28, 2019 and shows a balance due at that time of $1,442,214.71. At the 15% interest rate, even if I did not pay the interest for the full 2 years of the loan, the compounded interest amount would be $225,750 which would make the total due amount including interest and principal $925,750. I paid a total interest on this loan. I paid a total interest amount on the Arixa 700,000 Loan of $127,749.97 in 2017 and 2018, so the balance should be $798,000.03. See attached as Exhibits E and F, the 1099 statements from Arixa for 2017 and 2018.

- 3 -

DECLARATION OF KARIM [KEVIN] BOUMAJDI

21. I have no idea, with all the interest I've paid, how the balance described in the statement of February 28, 2019 could be even close to correct.

22. Moreover, I have no idea how the stated amount due could have suddenly come to $1,717,231.00 on March 1, 2019 when Axis filed its motion. The difference is over $275,000.00. [See, Notice of Motion and Motion for Relief from the Automatic Stay, page 8.]

23. I was informed very recently by my former attorney that a foreclosure sale of the property is now scheduled for Monday, 05/06/2019. Therefore, to have any chance of saving the equity in the property, which Debtor estimates to be at least $1,000,000, this honorable court must schedule a hearing on this matter no later than Friday, 05/03/2019, or in the alternative, issue a temporary restraining order on the foreclosure sale until this matter can be heard.

//

//

- 4 -

DECLARATION OF KARIM [KEVIN] BOUMAJDI

I declare under penalty of perjury under the laws of the United States of America, the foregoing is true and correct to the best of my own knowledge and belief. Executed on this 3rd day of May, 2019.

_____
Karim [Kevin] Boumajdi

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
350 S. Figueroa Street, Suite 190, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): MOTION TO VACATE Order Granting Motion for Relief from the Automatic Stay REAL PROPERTY, OR IN THE ALTERNATIVE, TO ISSUE A TEMPORARY RESTRAINING ORDER STAYING THE SALE UNTIL THIS MATTER CAN BE HEARD

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____5/3/19_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Edmond Richard McGuire**    ermlawgroupcmecf@gmail.com;r60691@notify.bestcase.com
- **John J Menchaca (TR)**    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **Jeffrey L Sumpter**    jsumpter@epiqtrustee.com, jsumpter@cbiz.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Marc Weitz**    marcweitz@weitzlegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/3/19 | Douglas A. Crowder | /s/ Douglas A. Crowder |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**