FILED & ENTERED

MAY 03 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>BARAKA HOLDINGS, LLC,<br><br>Debtor. | Case No. 2:19-bk-11612-RK<br><br>Chapter 7<br><br>**ORDER:**<br><br>**(1) DENYING DEBTOR'S MOTION TO VACATE ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, TO ISSUE A TEMPORARY RESTRAINING ORDER [ECF 31]; AND**<br><br>**(2) DENYING AS MOOT DEBTOR'S APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [ECF 32]** |

    Pending before the court are (1) the Motion to Vacate Order Granting Motion for Relief From the Automatic Stay or, in the Alternative, to Issue a Temporary Restraining Order Staying the Sale Until This Matter Can Be Heard (the "Motion"), Electronic Case Filing Number ("ECF") 31; and (2) the Application for Order Setting Hearing on Shortened Notice (the "OST Application"), ECF 32, both filed by Debtor Baraka Holdings, LLC ("Debtor").  For the reasons set forth below, the court denies the Motion and denies as moot the OST Application.

-1-

**ORDER DENYING MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY**

On February 14, 2019, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C., commencing this bankruptcy case. ECF 1. On March 1, 2019, Secured Creditor Arixa Fund III, LP ("Arixa") filed a motion for relief from the automatic stay under 11 U.S.C. § 362 (the "Stay Relief Motion"). ECF 9. The only document filed in opposition to the Stay Relief Motion was the opposition of Chapter 7 Trustee John J. Menchaca ("Trustee"), through his counsel Goe & Forsythe, LLP, on March 12, 2019. ECF 11. The Stay Relief Motion was served upon, among others (1) Debtor's then-counsel, Edmond Richard McGuire; (2) Debtor at its address of record, 2075 Lombardy Road, San Marino CA 91108; and (3) Debtor's principal, Karim Boumajdi, at 5218 Rivergrade Road, Irwindale, CA 91706. *Id.* at 12-13. However, *Debtor failed to file anything in opposition* to the Stay Relief Motion. On March 19, 2019, Arixa filed a reply to Trustee's opposition. ECF 13.

The court conducted a hearing on the Stay Relief Motion on March 26, 2019 at 10:30 a.m. Marc Weitz of the Law Office of Marc Weitz appeared for Arixa; Robert P. Goe of the law firm of Goe & Forsythe, LLP appeared for Trustee; and Edmond Richard McGuire of ERM Law Group appeared for Debtor. The court determined that an evidentiary hearing was necessary to determine the proper valuation of the subject property. Thus, the court set an evidentiary hearing on the matter for May 16, 2019 and a status conference before the evidentiary hearing for April 9, 2019.

The court conducted a status conference on the matter on April 9, 2019 at 11:00 a.m. Marc Weitz of the Law Office of Marc Weitz appeared for Arixa; Robert P. Goe of the law firm of Goe & Forsythe, LLP appeared for Trustee; and Edmond Richard McGuire of ERM Law Group appeared for Debtor. Debtor again failed to file an opposition to the Stay Relief Motion.[1] The parties represented to the court that Debtor and Arixa had agreed on

---

[1] When a motion is filed in this court, any opposition to the motion must be a complete written statement of all reasons in opposition to the motion and include declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities. Local Bankruptcy Rule 9013-1(f). The court may construe a failure to file a timely written opposition as consent to granting a motion pursuant to Local Bankruptcy Rule 9013-1(h).

-2-

**ORDER DENYING MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY**

a valuation for the subject property, but that Trustee had yet to agree on a valuation.  The court discussed scheduling with the parties and left with the understanding that the evidentiary hearing would proceed on May 16, 2019.

On April 15, 2019, Arixa and Trustee filed a stipulation resolving the Stay Relief Motion whereby Trustee agreed to consent to relief from the automatic stay for Arixa and Arixa agreed to pay $50,000 to Trustee for the benefit of the bankruptcy estate.  ECF 24.  Neither Debtor nor its counsel was a signatory to the stipulation.  *See id.*

On April 17, 2019, the court entered an order approving the stipulation between Arixa and Trustee and granting relief from the automatic stay under 11 U.S.C. § 362 (the "Stay Relief Order").  ECF 26.  Debtor never filed anything in response to the Stay Relief Motion through the date of entry of the Stay Relief Order.  The Stay Relief Order became a final, nonappealable order 14 days after its entry, i.e., on May 2, 2019.

On May 3, 2019, Debtor filed (1) a Substitution of Attorney form, ECF 30; (2) the Motion, ECF 31; and (3) the OST Application, ECF 32.  The Motion and the OST Application are supported by the declaration of Karim [Kevin] Boumajdi ("Boumajdi"), Debtor's managing partner.  *See* ECF 31 at 6-10; ECF 32 at 4-8.  According to Boumajdi, Debtor requests that the court vacate the Stay Relief Order or issue a temporary restraining order ("TRO") postponing the foreclosure sale of the subject property on the basis that Debtor allegedly received ineffective legal counsel from its former attorney.  Boumajdi also disputes the amount of Arixa's claim and the valuation of the subject property, notwithstanding his counsel's representation to the court at the April 9, 2019 hearing that Debtor and Trustee agreed on the valuation.

Having considered the Motion, the OST Application, the supporting declarations, and the record in this case, the court, with good cause appearing therefor, hereby rules as follows:

1.    The court finds no good cause is shown to warrant hearing of the Motion on an emergency basis to stay a foreclosure sale on Monday, May 6, 2019.  The motion was filed on the business day before the foreclosure sale—on Friday May 3, 2019—when the

-3-
**ORDER DENYING MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY**

1  Stay Relief Order entered on April 17, 2019 was served on Debtor by mail on April 19,
2  2019, 14 days ago, and on Debtor's then-counsel by email on April 17, 2019, 16 days
3  ago.  The Stay Relief Order was subject to the 14-day stay on enforcement pursuant to
4  Federal Rule of Bankruptcy Procedure 4001(a)(3), and Debtor took no action to request
5  reconsideration or an appeal pursuant to Federal Rules of Bankruptcy Procedure 9023
6  and 8002.  The Stay Relief Order entered on April 17, 2019 is now a final, nonappealable
7  order.

8       2.    The Motion fails to make a prima facie showing for a temporary restraining
9  order, which includes a showing of likelihood of success on the merits, likelihood of
10 irreparable harm in the absence of preliminary relief, the balance of equities tips in its
11 favor and an injunction is in the public interest.  *Winter v. Natural Resources Defense*
12 *Council, Inc.,* 555 U.S. 7, 20 (2008).  Even though Debtor seeks a temporary restraining
13 order, it does not even discuss these factors, let alone making any showing.

14      3.    The court determines that based on the moving papers, Debtor has not
15 made an adequate showing of likelihood of success on the merits.  The grounds for the
16 Motion pursuant to Federal Rule of Civil Procedure 60 are that Debtor allegedly received
17 erroneous legal advice from its prior counsel.  However, allegedly erroneous legal advice
18 from counsel is not the basis for granting relief from a final order pursuant to Federal Rule
19 of Civil Procedure 60(b)(6).  *Latshaw v. Trainer Wortham & Co.,* 452 F.3d 1097, 1101 (9th
20 Cir. 2006).  Therefore, the court determines that Debtor has not made an adequate
21 showing of likelihood of success on the merits.

22      4.    The court determines that based on the moving papers, Debtor has not
23 made an adequate showing of irreparable harm if preliminary relief is not granted.  Debtor
24 contends that its equity of at least $1 million would be lost through the foreclosure sale but
25 does not offer credible and admissible evidence of valuation to support that alleged equity
26 figure.  The lay opinion of Debtor's principal is not credible evidence of valuation since the
27 opinion is not supported by any scientifically based valuation analysis, such as a valuation
28 analysis of sales comparables on actual data of comparable real property sales, and

Case 2:19-bk-11612-RK    Doc 34    Filed 05/03/19    Entered 05/03/19 15:40:22    Desc
Main Document    Page 5 of 6

therefore, the court gives such opinion no credence. *In re Meeks,* 349 B.R. 19, 22 (Bankr. E.D. Cal. 2006). Moreover, the Trustee does not share Debtor's valuation opinion because on April 22, 2019, he filed a motion to abandon the subject property as reflected on the case docket as Document Number 28. Because there is no credible evidence of value, the court determines that Debtor has not made an adequate showing of irreparable harm.

5. The court further determines that based on the moving papers, Debtor has not made an adequate showing of the balance of equities tips in its favor. The Stay Relief Motion was pending since it was filed on March 1, 2019 with an initial hearing on March 26, 2019. Debtor did not file any written opposition to the stay relief motion, and the court may construe its failure to file a timely written opposition as consent to granting that motion pursuant to Local Bankruptcy Rule 9013-1(h). It is inequitable for Debtor now to seek to vacate the final, nonappealable order on the stay relief motion that it did not formally oppose. It also lacks equity that Debtor is seeking this relief on the last business day before the intended foreclosure sale, even though Debtor and its counsel were served with notice of the order at least 14 days ago.

6. The court further determines that the factor of public interest does not apply here because the dispute only involves private parties.

7. The court thus DENIES the request of Debtor in its Motion for a temporary restraining order to stay the sale pending a hearing for lack of sufficient showing.

8. The court DENIES AS MOOT the OST Application.

9. As to any other basis on which Debtor sought an order vacating the Stay Relief Order, such request is DENIED WITHOUT PREJUDICE. To the extent Debtor still seeks such relief, Debtor may bring a motion on regular notice pursuant to Local

///
///
///
///

**ORDER DENYING MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY**

Bankruptcy Rule 9013-1(d) and may request that the court consider its request for a temporary restraining order or preliminary injunction at that time.

        IT IS SO ORDERED.

###

Date: May 3, 2019

_____
Robert Kwan
United States Bankruptcy Judge

-6-

**ORDER DENYING MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY**